ABAT vs. HOLMES.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner alleges, that judgment was rendered in his favor against the firm of C. C. Whitman & Co. for the sum of one thousand and three dollars, with interest. That this firm was composed of three partners, viz: Whitman, Howard and the defendant, who were all liable *in solido* for the debt.

That on the 3d of November, **1827,** the defendant was arrested on a writ of *capias ad satisfaciendum,* that since his arrest his co-obligors have discharged part of the debt, and that there remains now due, the sum of $409 16-100, for which the defendant made no satisfaction, although he has been fourteen months imprisoned.

The petition concludes that the defendant be compelled to deliver a schedule of his property on oath, and transfer the same to his creditors, agreeable to "an act for the relief of insolvent debtors in actual custody, and for establishing prison bounds for the public jails and for other purposes," approved March, 25th, 1808,

If a party be not cited, & judgment be had against him and he imprisoned thereon, he may avail himself of the want of citation.

In a suit against partners, service on the sister of one of them, at his house, is irregular.

A party imprisoned, sued to make a surrender, may reconvene the plaintiff in damages for a wrongful imprisonment.

ABAT.
*vs.*
HOLMES.

The defendant's answer admits the imprisonment, but denies the legality of it. He denies that there is any judgment against him in favor of the plaintiff, and concludes by praying remuneration; that in consequence of the illegal, oppressive and wrongful imprisonment, he has sustained from the acts of the plaintiff, the latter be condemned to pay the sum of $1000 with costs of suit.

The plaintiff filed an exception to the answer, on the ground, that, in the suit in which the writ had issued, the defendant had pleaded satisfaction of the judgment. The judge was of opinion, that no citation having been served on the defendant in the suit, in which the *ca. sa.* had issued, the petition filed in this case should be dismissed. But he considered this was not a case in which remuneration could be asked and ordered, that the defendant's prayer for damages should be overruled.

The plaintiff appealed from this decision, and the defendant has prayed, that so much of the decree as dismissed his prayer in remuneration should be amended.

The fact of the defendant not having been regularly cited in the case of the Plaintiff *vs.* Whitman & Co. is clearly established. The

OF THE STATE OF LOUISIANA. **147**

ABAT
*vs.*
HOLMES.

return of the sheriff in that case was, "served a copy of petition and copy of citation in the French and English languages, on C. C. Whitman, by leaving the same with his sister, Miss Whitman, at his domicil, in Delor street, between Tchoupitoulas and Magazine streets, Dec. 29, 1826."

The *code of practice, article* 198, requires citations in suits against a partnership, to be served on one of the firm in person, or at their store or counting house, by delivery to their clerk or agent. The return here shews the service to have been made at the house of one of the partners, and does not state the citation was delivered to a clerk or agent of the firm. It was therefore contrary to law, and could not be the basis of a judgment, unless the want of it has been waived by some act of the defendants.

The first ground taken to support the waiver, is the silence of the defendant, after notice of judgment was served on him. But no such consequence can in our opinion follow the neglect to make opposition. It is not so enacted by positive law, and without such a provision, the court can see no ground for declaring, the defendant abandoned his right; because he

East'n. District.
*June,* 1829.

ABAT.
*vs.*
HOLMES.

did not assert it the moment he was aware of its infringement.

It is shewn the defendant has been fourteen months in confinement, under the writ of *capias ad satisfaciendum,* and it is further shewn, that since he was confined, he endeavored to be restored to his liberty by application to the court, under whose authority the writ issued. This application was grounded on the fact of one of his co-debtors having been imprisoned on the same judgment, and discharged out of custody by the plaintiff in execution.

The application to be discharged out of custody, in consequence of an act of the plaintiff, did not, in our opinion, admit there was a legal cause for imprisonment. This is quite different from a man pleading *non est factum,* and payment for an obligation which, never existing, cannot have been paid. But a judgment, improperly obtained, may be discharged by some subsequent act of the party obtaining it, and such act, and the attempt by the defendant to profit by it, do not necessarily imply that the judgment was legal.

The defendant permitting himself to be arrested on the writ of *capias ad satisfaciendum* is next relied on, as evidence of his acquies-

cence in the legality of the judgment. If this
be true, the writ had the same effect one hour or one minute, after the defendant was arrested, as it has now. The provisions in the *code of practice*, 612 and 613, evidently apply to cases, where the party cast has stood by and suffered the money to be made by a sale of his property, as may be seen by the corresponding part of the work in French. They can have no application to the execution of the judgment by imprisonment; for then the attempt of the plaintiff to enforce the judgment, by arresting the defendant, would deprive him of all means of opposition. Between the seizure and sale of his goods, time is afforded to make opposition; for the execution does not obtain its object; in other words, is not executed until the sale. So under the *ca. sa.* the judgment is not executed, in the meaning attached to their words in the *code of practice*, until the defendant by reason of the coercion, practised on his person, pays the money.

We differ with the judge below, in regard to the plea of remuneration. We think the demand is connected with, and incidental to, the claim of the petitioner, to compel him to surrender his goods. The plaintiff insists he

East'n. District.
*June*, 1829.

ABAT
*vs.*
HOLMES.

has a right, in consequence of the imprison-
ment of the defendant, to force him to make
out a schedule of his goods, and abandon them
to his creditors.. The latter replies, that far
from such a consequence following the im-
prisonment, he has a right to demand damages
by reason of the confinement of his person
being illegal. There appears to us a close
connexion between their demands. They
both spring from the same cause.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed, and it is
further ordered, adjudged and decreed, that
the petition of the plaintiff be dismissed, and
that this cause be remanded to try the ques-
tion, arising on the defendant's demand in re-
muneration, and it is further ordered, that
the appellant pay the costs of this appeal.

*Seghers* for the plaintiff—*Slidell* for the
defendant.